IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RIGHT31, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>ROBERT JAMES MIXDORF and JOHN DOES I-IX,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-cv-0311 CW<br><br>Judge Clark Waddoups |

On or about March 25, 2013, Right31, LLC filed a Complaint against Robert James Mixdorf and Doe defendants in state court. The Complaint sought unpaid rent and possession of the real property at issue. Subsequently, Right31, LLC filed an Amended Complaint. On May 2, 2013, Mr. Mixdorf filed a Petition to Remove the case to federal court.

"Removal is appropriate only when a complaint filed in state court properly could have been filed in federal court." *Marcus v. AT&T Corp.*, 938 F. Supp. 1158, 1165 (S.D.N.Y. 1996). Typically, this means "a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60, 62 (2009) (quotations, citations, and alteration omitted). Thus, "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" or counterclaim. *Id.* Nor can it be based on a cross-claim. *Bank of Am., N.A. v. Chirk*, No. 1:12-cv-1543, 2012 U.S. Dist. LEXIS 137214, at *3 (E.D. Cal. Sept. 24, 2012) (citations omitted).

No federal question appears on the face of Right31, LLC's Complaint or Amended

Complaint. While Mr. Mixdorf may have defenses, counterclaims, or cross claims based on federal law, they cannot be used to obtain federal jurisdiction. Moreover, diversity jurisdiction also does not appear on the face of Right31, LLC's pleading.

Because Mr. Mixdorf has failed to prove that removal is proper, the court hereby remands this case to the clerk of the Third District Court in and for Salt Lake County, State of Utah.

DATED this 14th day of May, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge